UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| TAMMIE MCPHERSON | PLAINTIFF |
| VERSUS | CIVIL ACTION NO. 1:23-CV-130-RPM |
| HARRISON COUNTY BOARD OF EDUCATION, ET AL | DEFENDANTS |

## MEMORANDUM AND ORDER OF DISMISSAL

Plaintiff Tammie McPherson ("McPherson") filed a lawsuit alleging employment retaliation and negligence on May 25, 2023. Doc. [1]. McPherson is proceeding *pro se* and *in forma pauperis*. The Court stayed service of process and held a screening hearing on June 15, 2023. Doc. [5].

McPherson alleges she was a teacher in the Harrison County School District during the 2020-2021 school year and had been employed by the district for six years. According to McPherson, she informed her supervisor at the end of the school year that she would be relocating to California. She asked her supervisor, Shelia Curtis ("Curtis"), to provide a teacher evaluation. McPherson argues she needed a letter of recommendation or a teacher evaluation from Curtis to obtain a teaching license in California. McPherson testified that although Curtis initially agreed, Curtis never provided the materials and even increased McPherson's workload. McPherson contends that Curtis did not produce the evaluation because she was upset that McPherson was leaving her position. McPherson further asserts that Curtis' refusal to provide the documents constitutes employment retaliation and negligence. McPherson later filed a charge of employment retaliation with the U.S. Equal Employment Opportunity Commission ("EEOC").

McPherson sued Curtis and the Harrison County Board of Education. In addition to Curtis, McPherson sued other superiors such as Missy Yates, the former assistant special education

director, and Mitchell King, the superintendent. McPherson sued the EEOC agent assigned to her case, LaNetra Harris. At the hearing, McPherson testified that she did not raise the evaluation issue with Curtis' superiors. She further explained that she had a good relationship with all her supervisors.

## I. APPLICABLE LAW

A plaintiff must plead, "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009).

McPherson is proceeding in this case *in forma pauperis*. Her complaint is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2), which mandates dismissal "at any time" if the court determines that the action "fails to state a claim on which relief may be granted" or "is frivolous or malicious." 28 U.S.C. Section 1915(e)(2)(B); *see Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990) (recognizing the court's authority "to test the proceeding" and deeming appropriate *sua sponte* evaluation of the claim's merit). A complaint is frivolous, "if it lacks an arguable basis in law or in fact." *Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory[.]" *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). This Court is "vested with especially broad discretion in making the determination of whether an [*in forma pauperis*] proceeding is frivolous." *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

To establish a *prima facie* case of retaliation, a plaintiff must show that: (1) she participated in an activity protected by Title VII; (2) the employer took an adverse employment action against

her; and (3) a causal connection exists between the protected activity and the materially adverse action. *Ledet v. Huntington Ingalls Inc.*, 2022 WL 1697387, at *4 (S.D. Miss. May 26, 2022) (citing *Aryain v. Wal-Mart Stores Tex. LP*, 534 F.3d 473, 484 (5th Cir. 2008)). "'Protected activity' is defined as opposition to any practice made unlawful by Title VII, including making a charge, testifying, assisting, or participating in any investigation, proceeding, or hearing under Title VII." *Standley v. Rogers*, 202 F.Supp.3d 655, 668 (W.D. Tex. 2016).

## II. DISCUSSION

### a. Retaliation

McPherson fails to allege that she participated in an activity protected by Title VII. She has not alleged that she was engaged in conduct that was in opposition to one of Defendant's employment practices that was unlawful under Title VII, or which she reasonably believed to be unlawful under Title VII. *See Allen v. Envirogreen Landscape Pros., Inc.*, 2016 WL 2343855, at *4 (M.D. La. May 3, 2016); *Davis v. Dallas Indep. Sch. Dist.*, 448 F. App'x 485, 492 (5th Cir. 2011). McPherson's complaint that her supervisor failed to send a teacher evaluation to her prospective employer does not demonstrate a protective activity. McPherson cannot show that her actions constitute making a charge, testifying, assisting, or participating in an investigation, proceeding, or hearing. Nor, do her allegations amount to opposing an unlawful employment practice. *Kiper v. Ascension Par. Sch. Bd.*, 2015 WL 2451998, at *4 (M.D. La. May 21, 2015) (finding there was no evidence or even an allegation that Plaintiff's requests for information concerning her teacher evaluations or grievances regarding those evaluations "are tangentially or remotely related to allegedly discriminatory employment practices"). McPherson has not shown that she engaged in any protected activity because seeking her personnel records has nothing to do with race, color, religion, sex, or national origin, under Title VII. *See Davis*, 448 F. App'x at 493;

*Bartz v. Mitchell Ctr.*, 2008 WL 577388, at *2 (W.D. Tex. Jan. 23, 2008) (finding "if the conduct complained of by the plaintiff had nothing to do with race, color, religion, sex, or national origin, a retaliation claim cannot be maintained under Title VII"). Because McPherson has failed to engage in activity protected by Title VII, she has failed to demonstrate a *prima facie* claim of retaliation.

    b.  <u>Negligence</u>

McPherson also brings a negligence claim. In her complaint, McPherson states, "based on the fact that the negligence of me loosing [sic] my job was the fact that I did not get [a] proper teacher evaluation by the Harrison County School Board . . ." Doc. [1], at 5. McPherson's negligence claim is precluded by the exclusive remedy provision of the Mississippi Workers' Compensation Law ("MWCL"). The MWCL bars claims that an employer's conduct was "reckless, negligent, or grossly negligent." *Peaster v. David New Drilling Co.*, 642 So.2d 344, 349 (Miss. 1994). "[P]roof of an intentional tort is required to circumvent exclusive remedies available under workers' compensation law[.]" *Winters v. Cooper Lighting, Inc.*, 2001 WL 1334197, *1 (S.D. Miss. July 6, 2001); *Jones v. Tyson Foods, Inc.*, 971 F. Supp. 2d 632, 638 (N.D. Miss. 2013).

Additionally, the Fifth Circuit has consistently held there is no individual liability for employees under Title VII. Civil liability under Title VII can only be assessed against an employer. *Miller v. Maxwell's Intern. Inc.,* 991 F.3d 583, 587 (5th Cir.1993). The individual defendants are not employers as defined by Title VII. Under the settled law of this circuit interpreting Title VII, the individual Defendants, Shelia Curtis, Missy Yates, Mitchell King, and LaNetra Harris have no liability under Title VII in their individual or official capacities and shall be dismissed accordingly. *Kiper*, 2015 WL 2451998, at *2.

  c. <u>Claim against an EEOC employee</u>

 At the screening hearing, McPherson stated that she was suing the EEOC agent, LeNetra Harris ("Harris"), assigned to her case. McPherson testified that she was suing Harris because Harris had not been in communication with her. In essence, McPherson believed Harris was not properly investigating her charge. "The case law is clear and overwhelmingly in support of the view that [a] plaintiff has no claim under any legal theory against the EEOC in connection with the agency's investigation, disposition, enforcement or administration of Title VII or other antidiscrimination laws." *Simien v. E.E.O.C.*, 2009 WL 799982, at *2 (E.D. La. March 24, 2009); *O'Briant v. Rhodes*, 2017 WL 1483355, at *3 (D. Md. Apr. 24, 2017) (dismissed for lack of jurisdiction where the plaintiff sued EEOC employees based on dissatisfaction with the outcome of the EEOC proceedings); *Mooney v. Mid S. Health Sys.*, 2008 WL 276291, at *2 (E.D. Ark. Jan. 30, 2008) (dismissing *in forma pauperis* plaintiff's claim against EEOC employees); *Louis v. Seaboard Marine Ltd., Inc.*, 2012 WL 13071837, at *15 (S.D. Fla. Jan. 27, 2012) (finding plaintiff's claim against EEOC employees should be dismissed). Therefore, McPherson's claim against Defendant LeNetra Harris is dismissed for failure to state a claim.

 IT IS THEREFORE SO ORDERED AND ADJUDGED that Plaintiff Tammie McPherson's complaint fails to state a claim on which relief may be granted. Thus, the complaint is DISMISSED WITH PREJUDICE.

 SO ORDERED AND ADJUDGED, this the 10th day of August 2023.

                /s/ *Robert P. Myers, Jr.*
                ROBERT P. MYERS, JR.
                UNITED STATES MAGISTRATE JUDGE